1   MARC A. KARLIN, ESQ.  Cal. SBN 137558
**KARLIN & KARLIN**
2   A Professional Law Corporation
3701 Wilshire Boulevard, Suite 1035
3   Los Angeles, California  90010
(213) 365-1555
4   (213) 383-1166 facsimile      **E-FILING**
mkarlin@karlaw.com
5

**FILED**

2008 JUN 25  P 1: 16

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

6   Attorneys for Applicants Mohamed Foda, M.D. and Mohamed Foda, P.C., a Canadian
7   professional corporation

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12                **CV 0 8 - 8 0 1 3 0 MISC.**

13

14   MOHAMED FODA, M.D.; MOHAMED      ) CASE NO. MISC
FODA, P.C., a Canadian professional   )
15   corporation,                      )        **RMW**
                                       )
16          Applicants,                )  **APPLICATION FOR ORDER TO TAKE
                                       )  THIRD PARTY DISCOVERY VIA    PS
17   vs.                               )  SUBPOENA PURSUANT TO 28 U.S.C. §
                                       )  1782
18                                     )
RATEMDS, Inc., a California corporation, )  **[PROPOSED ORDER FILED
19                                     )  CONCURRENTLY HEREWITH]**
          Respondent.                  )
20                                     )
                                       )
21                                     )

22

23          APPLICANTS MOHAMED FODA, M.D., an individual, and MOHAMED FODA,

24   P.C., a Canadian professional corporation (hereinafter "Applicants"), allege as follows:

25

26

27

28

                                      –1–

1

## JURISDICTION

2      1.      The jurisdiction of this Court over the subject matter of this Application is

3  predicated upon 28 U.S.C. § 1331 and 28 U.S.C. § 1782.  Applicants are, respectively, a

4  resident of Canada and a Canadian professional corporation.  Applicants seek the issuance of

5  a subpoena for records and documents, including electronically stored information, to

6  Respondent RATEMDS, Inc. (hereinafter "Respondent"), which Applicants are informed and

7  believe, and thereon allege, is a corporation organized under the laws of the State of

8  California, with its principal place of business in Sunnyvale, California.  Applicants seek

9  discovery relative to two (2) legal proceedings currently pending before the Provincial Court

10  (Court of Queen's Bench) in Edmonton, Alberta, Canada.

11     2.      Intradistrict Assignment.  Venue is proper in the Northern District, San Jose

12  Division, pursuant to Civil L.R. 3-2(c), because many of the events or omissions giving rise to

13  this Application arose in this District, and Respondent, Applicants are informed and believe,

14  and thereon allege, has its principal place of business in the City of Sunnyvale, County of

15  Santa Clara.  Moreover, Applicants seek the discovery of information held or controlled by

16  Respondent from its principal place of business.

17

18

## PROCEDURAL AND FACTUAL ALLEGATIONS

19     3.      Applicants hereby apply to the Court for an order pursuant to 28 U.S.C. § 1782

20  and Rules 26, 30, 34 and 45 of the Federal Rules of Civil Procedure, granting Applicants

21  leave to serve Respondent, RATEMDS, Inc., a California corporation, which has a business

22  address of 247 Arriba Dr., #3, Sunnyvale, California 94086, with the subpoena attached as

23  Exhibit A to the accompanying Proposed Order.

24     4.      Title 28 U.S.C. § 1782 allows litigants in foreign proceedings to seek and obtain

25  discovery from persons and entities residing or found in the United States for use those

26  proceedings before a foreign tribunal.  To obtain an order for such discovery, an application

27  under § 1782 must show:

28

28 U.S.C. §1782 Application

1         (a)    the person or entity from which discovery is sought resides or is found in

2                the district of the district court to which the application is made;

3         (b)    the requested discovery is for use in a proceeding before a foreign

4                tribunal; and

5         (c)    the party requesting the discovery is an "interested person" with respect

6                to the foreign proceeding.

7        5.     This Application meets these requirements.  First, the requested discovery is for

8    use in connection with two (2) civil actions being prosecuted by Applicants in the Provincial

9    Court (Court of Queen's Bench) in Edmonton, Albert, Canada: (a) on September 17, 2004,

10   Applicants filed a civil action in that court against a number of corporate and individual

11   defendants upon claims of defamation, harassment, conspiracy, interference with economic

12   interest, malicious prosecution and breach of contract: and (b) on March 31, 2008, Applicants

13   filed a Statement of Claim in the same court for defamation against yet unidentified persons

14   who posted untrue comments regarding Applicants, Dr. Foda and his medical practice, on the

15   Internet site www.RateMDs.com, which Applicants are informed and believe, and thereon

16   alleged, is owned and operated by Respondent, RATEMDS, Inc.

17       6.     Second, Applicants are interested parties in the aforementioned foreign tribunal

18   proceedings because they are named parties in said aforementioned foreign civil proceedings.

19       7.     Third, the discovery requested under the proposed subpoena is directly related

20   to, and for use in, each of the aforementioned foreign civil proceedings currently pending in

21   the Provincial Court (Court of Queen's Bench) in Edmonton, Alberta, Canada, as set forth in

22   detail below.

23       Background

24       8.     Dr. Foda has been a general surgeon since 1980.  In 1990, Dr. Foda immigrated

25   to Canada from Egypt.  Dr. Foda has qualified as an independent consultant in urology in the

26   speciality field of urologic surgery.[1]  In the course of his career, Dr. Foda has earned a total of

27   ten (10) medical qualifications from Egypt, the United Kingdom, Canada and the United

28

      [1]    Similar to board certification in the United States.

1  States.  Dr. Foda currently maintains an engrossing office and hospital medical practice in

2  Alberta, Canada.

3      9.     In November 2007, Dr. Foda learned that there were several postings under his

4  name on the website www.RateMDs.com, which, upon information and belief, is owned and

5  operated by Respondent RATEMDS, Inc. of Sunnyvale, California.

6      10.    RateMDs.com publishes ratings of physicians on a scale of 1 to 5 (1 being the

7  worst; 5 being the best) and postings by anonymous individuals about their physicians. A

8  physician's overall quality rating is based upon the average of his/her helpfulness and

9  knowledge rating and determines what type of "smiley face" the physician receives.  Postings

10  are published from, *inter alia*, the United States, the United Kingdom and Canada.

11     11.    Until December 29, 2007, RateMDs.com contained several false and

12  defamatory comments regarding Dr. Foda. Under the listing of "Dr. M. Foda" the overall

13  quality rating was indicated by a blue "smiley face," which is RateMDs.com's designation for

14  poor.  Under the listing of "Dr. Mohamod (*sic*) Foda," the overall quality rating was indicated

15  by a green "smiley face," which is RateMDs.com's designation for average.

16     12.    On December 30, 2007, RateMDs.com eliminated some of the defamatory

17  comments regarding Dr. Foda as well as several favorable comments which were associated

18  with higher ratings.

19     13.    However, after December 30, 2007, false and defamatory statements regarding

20  Dr. Foda remained on RateMDs.com, including the following anonymous comment from

21  October 1, 2007:

22        "This doctor proscribed me an antibiotic that causes birth defects after I

23        clearly told him I was 4 months pregnant!!  Apparently he made a 'mistake.'"

24     14.    On April 20, 2008, another false and defamatory statement (which includes

25  a number of suspicious spelling and grammatical errors) regarding Dr. Foda was posted on

26  RateMDs.com.

27

28

-4-

1   15.   Dr. Foda is of the opinion that none of the referenced false and defamatory
2   statements were posted by his patients. These statements, it is Dr. Foda's belief, were posted
3   by the parties (and/or their associates) to Dr. Foda's 2004 Canadian litigation. This litigation
4   has not concluded.

5   The Subject Subpoena

6   16.   By the subject subpoena, Dr. Foda seeks to discover the identity of the person or
7   persons who posted false and defamatory comments about him and his medical practice on
8   RateMDs.com on the following dates: April 1, 2007; May 26, 2007; June 27, 2007;
9   September 18, 2007; October 1, 2007; and, April 20, 2008.

10   17.   The writing style and subject matter of the defamatory comments posted
11   regarding Dr. Foda and his medical practice upon RateMDs.com seem to point to some of the
12   defendants to the Canadian litigation initiated by Dr. Foda in 2004. The identity of these
13   posters is needed to determine if in fact said posters are the defendants (or their confederates)
14   to the 2004 Canadian litigation. Time is of the essence, as the 2004 litigation is reaching a
15   conclusion.

16   18.   In the event the posters at issue are not patients of Dr. Foda, Dr. Foda intends
17   to amend his March 31, 2008 Canadian litigation to name said person(s) as defendants to that
18   action.

19   19.   In the very unlikely event the postings at issue are traced back to Dr. Foda's
20   patients, Dr. Foda does not intend to proceed with the March 31, 2008 litigation or to name
21   any of his patients to the 2004 litigation.

22   Legal Authority

23   20.   Title 28 U.S.C. § 1782 provides for discovery in the United States to assist
24   foreign tribunals and litigants before foreign tribunals. It states in pertinent part:

25          (a) The district court of the district in which a person resides or is found
26          may order him to give his testimony or statement or to produce a
            document or other thing for use in a proceeding in a foreign or
27          international tribunal. . . The order may be made. . . upon the application
28          of any interested person and may direct that the testimony or

—5—

statement be given, or the document or other thing be produced, before a person appointed by the court.

21.    These threshold requirements are met here. First, Applicants are interested parties in a foreign proceeding because they are either a party or a prospective party to those proceedings. *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 243-244 (2004).

22.    Second, the requested discovery is for use in conjunction with proceedings before a foreign tribunal. See, *In Re Linerboard Antitrust Litig.*, 333 F.Supp.2d 333 (E.D. PA 2004) (discovery authorized under §1782 for use in connection with claims being asserted in a foreign court).

23.    Third, RATEMDS, Inc., a California corporation, is within the jurisdiction of this Court and is subject to this Court's authority with respect to the requested discovery.

24.    If the threshold requirements are met, a district court may order a person or entity residing within its district to produce documents for use in a foreign legal proceeding, unless it would violate a legal privilege. In considering whether to grant such a request, a district court should weigh the factors set forth in *Intel*, being: (1) whether the "person from whom discovery is sought is a participant" in the foreign case; (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the discovery request is an attempt to avoid foreign evidence-gathering restrictions; and (4) whether the discovery request is "unduly intrusive or burdensome." *Intel Corp., supra*, 542 U.S. at 264-66.

25.    Here, discovery is sought from an entity not a participant in the Canadian litigation, making the need for the aid provided by § 1782 more apparent. The foreign proceeding at issue is a Canadian civil action, which United States courts have long recognized are within the meaning of § 1782. With regard to the third *Intel* requirement, the discovery sought by this Application is for the express purpose of applying, not undermining, the rule of law in the foreign proceeding. Finally, the requested discovery falls squarely within the parameters of the discovery assistance § 1782 was intended to facilitate.

//

1    WHEREFORE, Applicants Mohamed Foda, M.D. and Mohamed Foda, P.C., a

2 Canadian professional corporation, respectfully pray that this Court enter an Order:

3    A.    Granting Applicants' Application for discovery from Respondent RATEMDS,

4    Inc. pursuant to 28 U.S.C. § 1782;

5    B.    Authorizing Applicants to issue to Respondent RATEMDS, Inc., pursuant to

6    Rules 30 and 45 of the Federal Rules of Civil Procedure, a subpoena for the

7    production of documents and things in the form attached to the Proposed Order

8    as Exhibit A;

9    C.    Authorizing Applicants to issue to Respondent RATEMDS, Inc., pursuant to

10    Rule 45 of the Federal Rules of Civil Procedure, subpoenas for the production

11    of additional documents as Applicants deem reasonably appropriate based upon

12    review of the initial documents and information produced by Respondent;

13    D.    Appointing Marc A. Karlin, a member of the bar of this Court, to issue, sign and

14    serve such subpoena(s) upon Respondent RATEMDS, Inc.

15

16 Respectfully submitted,

17

18 Date: May 15, 2008

19    KARLIN & KARLIN
    A PROFESSIONAL LAW CORP.

20

21    By _____
    MARC A. KARLIN

22    Attorneys for Applicants,

23

24

25

26

27

28

—7—