RECEIVED

2008 JUN 25 PM 1:17

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MOHAMED FODA, M.D.; MOHAMED FODA, P.C., a Canadian professional corporation,

    Applicants,

vs.

RATEMDS, Inc., a California corporation,

    Respondent.

CASE NO. CV 08-80130 MISC. RMW

(PROPOSED) ORDER TO TAKE THIRD PARTY DISCOVERY VIA SUBPOENA PURSUANT TO 28 U.S.C. § 1782

TO ALL INTERESTED PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

APPLICANTS MOHAMED FODA, M.D., an individual, and MOHAMED FODA, P.C., a Canadian professional corporation (hereinafter "Applicants"), have applied to the Court, pursuant to 28 U.S.C. § 1782, for an order granting Applicants leave to serve Respondent, RATEMDS, Inc., a California corporation, which has a business address of 247

–1–

1  Arriba Dr., #3, Sunnyvale, California 94086, with the subpoena attached as Exhibit A hereto.

2  GOOD CAUSE HAVING BEEN SHOWN:

3  IT IS HEREBY ORDERED THAT:

4  A. Applicants' Application for discovery from Respondent RATEMDS, Inc.
5  pursuant to 28 U.S.C. § 1782 is granted;

6  B. Applicants are authorized to issue to Respondent RATEMDS, Inc., pursuant to
7  Rules 30 and 45 of the Federal Rules of Civil Procedure, a subpoena for the
8  production of documents and things in the form attached to this Order as Exhibit
9  A;

10  C. Applicants are authorized to issue to Respondent RATEMDS, Inc., pursuant to
11  Rule 45 of the Federal Rules of Civil Procedure, subpoenas for the production
12  of additional documents as Applicants deem reasonably appropriate based upon
13  review of the initial documents and information produced by Respondent;

14  D. Marc A. Karlin, a member of the bar of this Court, is appointed to issue, sign
15  and serve such subpoena(s) upon Respondent RATEMDS, Inc.

19  UNITED STATES MAGISTRATE JUDGE

21  Date:

22  Respectfully submitted,
23  Date: May 15, 2008

KARLIN & KARLIN
A PROFESSIONAL LAW CORP.

By _____
MARC A. KARLIN
Attorneys for Applicants

—2—

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Mohamed Foda, M.D.; Mohamend Foda, P.C.,
a Canadian professional corporation,

**SUBPOENA IN A CIVIL CASE**

V.

RATEMDS, Inc., a California corporation.

Case Number:[1]

TO:

The Custodian of Records, RATEMDS, Inc.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment.

| PLACE | DATE AND TIME |
|---|---|
| U.S. Legal Support, 180 Montgomery Street, Suite 2180, San Francisco 94104 | TBA |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| , Attorney for Applicants | May 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Marc A. Karlin, SBN 137588, 3701 Wilshire Blvd., Suite 1035, Los Angeles, CA 90010; (213) 365-1555

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT

## DEFINITIONS AND INSTRUCTIONS

Unless the context indicates otherwise, the following words and phrases have the meanings given:

1. "You" or "your" mean and refer to RATEMDS, Inc. or www.RateMDs.com, their employees, agents, representatives and attorneys, and their corporate predecessors, successors, affiliates, divisions, branches, subsidiaries and related entities, all persons acting for or on their behalf.

2. Your production must include requested documents, materials and files from any file server, mainframe computer, mini computer, personal computer, notebook or laptop computer, personal data assistant, or other storage device, including but not limited to e-mail. All requested files that are still on storage media and identified as erased, but still recoverable, shall be included.

3. The term "document" is broadly defined to include all media on which information is recorded or stored, pursuant to *Federal Rules of Civil Procedure* Rule 34 (a)(1)(A), and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, photographic, electronic or otherwise recorded matter, however produced or reproduced, and all writings, of any nature, whether on paper, magnetic tape, electronic or optical media or other information storage means, including film, tapes, computer disks or cards, or personal data assistant memory; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

4. The terms "relate," "related," or "relates" mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting on, evidencing, describing or otherwise relating to the subject matter.

5. As used herein, "all, "any," "each," or "every" means "all, any, each and every."

Attachment to Subpoena

6. All documents shall be produced in the booklet, binder, file, folder, envelope, or other container in which the documents are kept by you. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings. Documents attached to each other should not be separated.

7. If a document once existed, but has been lost, destroyed, erased or otherwise is no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to you.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NUMBER 1:**

All documents relating to the identity of any person or entity who supplied information regarding "Dr. M. Foda," "Dr. Mohamod (*sic*) Foda," or "Dr. Mohamed Foda" (hereinafter "Dr. Foda") of Alberta, Canada, including posting that appeared on www.RateMDs.com on April 1, 2007; May 26, 2007; June 27, 2007; September 18, 2007; October 1, 2007; and, April 20, 2008. These documents include:

(a) All documents identifying any individual or individuals who provided information relating to Dr. Foda (hereinafter "Disclosing Person(s)"), including the true name(s), adddrss(es), Internet protocol ("IP) address(es) and e-mail address(es);

(b) All communication from or to any Disclosing Person(s) relating to Dr. Foda; and,

(c) all documents received from or sent to any Disclosing Person(s) relating to Dr. Foda.

Attachment to Subpoena                - 2 -